**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED CAPITAL FUNDING GROUP, LLC, a wholly owned subsidiary of GULF COAST BANK & TRUST COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>BRICK CITY BREWING, LLC, STEPHEN HUGHES, individually, and EG MUNOZ CONSTRUCTION, LLC D/B/A EGM BUILDERS, LLC, a nominal party,<br><br>*Defendants*. | Civil Action No. 21-3314<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This action arises out of sums allegedly owed by Brick City Brewing, LLC ("Brick City") for construction services performed by EG Munoz Construction, LLC ("EG Munoz"). Plaintiff United Capital Funding Group, LLC ("United Capital") seeks relief from Brick City, D.E. 1; Brick City brought a crossclaim against EG Munoz, D.E. 14; and EG Munoz brought a third-party complaint against Brick City, D.E. 22. Presently before the Court is Brick City's motion to dismiss EG Munoz's third-party complaint (the "Crossclaim"). D.E. 24. EG Munoz opposed the motion, D.E. 28, and Brick City filed a reply, D.E. 29. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Brick City's motion to dismiss is **GRANTED**.

---

[1] Brick City's brief in support of its motion to dismiss, D.E. 24-5 ("Br."); EG Munoz's opposition brief, D.E. 28 ("Opp."); and Brick City's reply brief, D.E. 29.

I.      BACKGROUND[2]

EG Munoz provided construction services to Brick City pursuant to contracts AIA A101-2017 Standard Form of Agreement and AIA A201-2017 General Conditions (the "Construction Contracts").  Crossclaim ¶ 8.  The Construction Contracts stated that EG Munoz reserved the right to factor.  *Id.*  EG Munoz subsequently entered into an agreement (the "Factoring Agreement") with Plaintiff United Capital, pursuant to which United Capital purchased the accounts arising from the construction services provided by EG Munoz to Brick City.  Compl. ¶¶ 14-15.

On February 24, 2021, United Capital filed a Complaint seeking judgment against Brick City and naming EG Munoz as a nominal Defendant.[3]  Brick City subsequently filed an answer and brought a crossclaim against EG Munoz.  D.E. 14.  EG Munoz then filed crossclaims and a third-party complaint against Brick City.  D.E. 22.

EG Munoz claims that it submitted six requisitions to Brick City for construction services performed.  Crossclaim ¶ 10.  Brick City allegedly failed to pay Requestion 005 for $78,256.75 and Requisition 006 for $55,836.45.  *Id.* ¶¶ 16, 22, 46.  EG Munoz alleges that Brick City breached the Construction Contracts and that EG Munoz is entitled to payment and damages.  *Id.* ¶¶ 52-53.  EG Munoz adds that "United Capital is owed $239,959.03, less 20% factoring retention $47,991.81, which totals $191.967.22."  *Id.* ¶ 51.  EG Munoz further states that it "agrees that any monies owed by [EG Munoz] to Brick City may be paid to United Capital."  *Id.* ¶ 54.  The current motion followed.

---

[2] The factual background is taken from the Complaint, D.E. 1 ("Compl."), and Crossclaim, D.E. 22.

[3] United Capital's Complaint states that EG Munoz is named "solely for the sole purpose of providing notice of the commencement of this action," and does not seek any relief against EG Munoz.  D.E. 1.  While EG Munoz may have moved to dismiss for failure to state a claim upon which relief can be granted, it did not do so for reasons unknown.

## II. LEGAL STANDARD

Brick City moves to dismiss the Crossclaim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). D.E. 24. For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). A court "must accept all of the complaint's well-pleaded facts as true." *Id.* at 210. However, "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a plausible claim. *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

## III. ANALYSIS

As an initial matter, EG Munoz improperly characterizes its pleading as a third-party complaint against Brick City. *See* D.E. 22. A defendant may bring a third-party complaint against "a *nonparty who is or may be liable to [the defendant] for all or part of the claim against it.*" Fed. R. Civ. P. 14(a)(1) (emphasis added). Brick City is not a nonparty in the current action: it is a named Defendant. Moreover, because United Capital has not asserted any claims against EG Munoz, EG Munoz cannot assert that Brick City is liable for "all or part of the claim against it." *Id.* Thus, the Court will construe the claims brought by EG Munoz against Brick City as a

Crossclaim. *See* Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action.").

Turning to the merits, the Court must determine whether EG Munoz plausibly states a claim for damages resulting from Brick City's alleged breaches of the Construction Contracts. *See* D.E. 22 at ¶¶ 55-59. Brick City argues that EG Munoz "sold the rights to collect on the invoices at issue in this matter to United Capital." Br. at 7. According to Brick City, EG Munoz therefore "attempts to recover on invoices it no longer has any rights to enforce, and, if permitted to proceed, seeks a 'double recovery' against Brick City." *Id*. at 6. EG Munoz counters that its claims are based on the Construction Contracts, while United Capital's Complaint is based on the Factoring Agreement. Opp. at 1. EG Munoz continues that the Factoring Agreement does not prohibit it from suing Brick City for breaches under the Construction Contracts. *Id.*

EG Munoz's Crossclaim is not plausibly pled because of inconsistent factual allegations. On the one hand, EG Munoz claims that it is owed damages as a result of Brick City's breaches of the Construction Contracts. Crossclaim ¶¶ 52, 53, 57-59. On the other hand, EG Munoz alleges that *United Capital* is owed money and "that any monies owed to [EG Munoz] by Brick City may be paid to United Capital." *Id.* ¶¶ 51, 54. This allegation is reiterated in EG Munoz's own briefing, wherein it admits that "any monies owed and recovered by [EG Munoz] from Brick City *should be paid directly to United Capital*." Opp. at 6 (emphasis added); *see also id.* at 7 ("Total owed to EGM is approximately $190,310.52 and that amount should be paid to United Capital."). While the Crossclaim does not specify why the sums owed under the Construction Contracts are payable

4

to United Capital,[4] the only reasonable inference is that United Capital is entitled to these payments pursuant to the Factoring Agreement, which appears to indicate that the money owed by factored account debtors should be paid to United Capital. *See* D.E. 28-1.[5]

EJ Munoz's Crossclaim implausibly alleges that Brick City owes *EG Munoz* for construction services and that this money should be paid *directly to United Capital*. The Federal Rules of Civil Procedure permit parties to "plead alternative and inconsistent legal causes of action that arise out of the same facts." Fed. R. Civ. P. 8(d)(2). Rule 8 does not, however, permit parties to "plead inconsistent facts within a single claim." *Columbus LTACH Mgmt., LLC v. Quantum LTACH Holdings, LLC*, Civ. A. No. 16-6510, 2019 WL 2281632, at *2 (D.N.J. May 29, 2019); *see also In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 407 (S.D.N.Y. 2001) (stating that Rule 8 does not "grant[ ] plaintiffs license to plead inconsistent assertions of facts within the allegations that serve as the factual predicates for an independent, unitary claim"). Because EG Munoz fails to plausibly allege that it, rather than United Capital, is entitled to damages resulting from alleged breaches of the Construction Contracts, the Crossclaim against Brick City is dismissed.

## IV.     CONCLUSION

Brick City's motion to dismiss (D.E. 24) is **GRANTED without prejudice**. EG Munoz shall have thirty (30) days to file an amended crossclaim that cures the deficiencies noted herein.

---

[4] In regards to the two requisitions at issue here—Requisition 005 and 006—EG Munoz alleges only that "Requisition 006 was…factored by [EG Munoz]." Crossclaim ¶ 22.

[5] The Court may consider the Factoring Agreement as it is attached to EG Munoz's motion papers and neither party disputes the authenticity of such document. *See Bishop v. Okidata, Inc.*, 864 F. Supp. 416, 424 (D.N.J. 1994) ("A court may properly consider undisputedly authentic documents attached to the motion papers of either party in deciding a Rule 12(b)(6) motion to dismiss.").

If EG Munoz does not file an amended crossclaim within that time, its Crossclaim against Brick City will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: January 26, 2022

                                                        _____
                                                        John Michael Vazquez, U.S.D.J.